## MILLER *v.* MILLER et al.

In an action for freedom plaintiff was declared to be free, and the case was remanded for further proceedings as between the defendant and warrantor. The warrantor subsequently instituted an action to annul the judgment, on the ground that it was obtained through

fraud; but there was no evidence that any further proceedings were had under the decree remanding the case, nor any allegation or proof that the warrantor had refunded the price to the party by whom he was cited. On an exception that the petition presented no grounds sufficient to support an action of nullity: *Held*, that the exception should be sustained.

MILLER
*v.*
MILLER.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Claiborne*, *Micou* and *Grymes*, for the plaintiff. *W. S. Upton*, for the appellant. The judgment of the court was pronounced by

ROST, J. In the case of *Sally Miller* v. *Louis Belmonti*, decided by the Supreme Court and reported in 11 Rob. 339, the plaintiff was released from the bonds of slavery, and the cause was remanded for further proceedings as between the defendant and his warrantor, *John F. Miller*. No further proceedings have been had under this judgment, and the warrantor, *Miller*, has instituted the present action of nullity to set it aside, on the ground that it was obtained through fraud and ill practices on the part of *Sally Miller* and her witnesses.

The defendant excepted to the petition on the following, amongst other grounds: 1st. That it presents no sufficient ground to sustain an action of nullity. 2d. That no action of nullity will lie after an appeal has been taken to the Supreme Court, and the case finally decided by that tribunal. *Belmonti*, the defendant in the former suit, intervened, and joined with the plaintiff in the prayer of his petition. The defendant's exception having been overruled, she answered on the merits. There was judgment in favor of the defendant in the first instance, and *John F. Miller* has appealed. But *Belmonti*, the real party in interest, does not join in the appeal, and appears to have acquiesced in the judgment.

We express no opinion upon the question, whether a final judgment of the Supreme Court can be avoided by an action of nullity, being of opinion that the first exception should have been sustained. It is not shown that any further proceedings have been had under the former decree of the Supreme Court; nor has the plaintiff alleged or proved that he has refunded the price to *Belmonti*, and that he is subrogated to his rights. He had no interest in contesting the the former decree, and therefore no capacity to do so.

To the observations of the counsel that the only object of the plaintiff in bringing this suit was to vindicate his character, it is a sufficient answer that the action itself involves rights of property, and that he should have brought himself within the rules prescribed for that class of actions. We may at the same time state, without impropriety, that we have carefully perused the new evidence discovered by him; that it stands in the record unimpeached, and is in direct conflict with that adduced by the defendant in the former suit to prove her birth and condition. If it can be true that the defendant is of German extraction, we consider the plaintiff as exonerated from all knowledge of that fact.

*Appeal dismissed.*